UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES KEARNEY DONOVAN )<br>    Plaintiff )<br>)<br>)<br>v. )<br>)<br>THE BARBERINO BROTHERS, INC. AND )<br>NISSAN MOTOR ACCEPTANCE CORPORATION )<br>    Defendants )<br>_____ ) | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br><br><br><br>JULY 2, 2014 |

## COMPLAINT

1. This is a suit brought by a consumer under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667 *et seq.*, and includes pendent state law claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, and for fraud against The Barberino Brothers, Inc. ("Barberino"), a car dealership that made false and deceptive representations in order to induce the Plaintiff, a developmentally disabled 77 year old, to enter a lease transaction he could not afford. Nissan Motor Acceptance Corporation ("NMAC") is liable for Barberino's actions as the holder of the lease by operation of Conn. Gen. Stat. § 42-411.

2. Plaintiff, James Kearney Donovan, is a natural person residing in Wethersfield Connecticut, and he is a "lessee" as that term is defined in 15 U.S.C. § 1667(2).

3. Defendant Barberino is a Connecticut corporation that operates a motor vehicle dealership in Wallingford, Connecticut. It is an authorized dealership for Nissan

and is a lessor as that term is defined by 15 U.S.C. § 1667(3), a "person" as defined by 15 U.S.C. § 1231(b) and a "dealer" as that term is defined by 15 U.S.C. § 1231(e).

4. Defendant NMAC is a California Corporation that is engaged in accepting assignment of leases from Nissan dealerships.

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1667d(c) and 28 U.S.C. § 1367.

6. This Court has jurisdiction over Barberino because it is located in Connecticut and regularly does business in Connecticut.

7. This Court has jurisdiction over NMAC because it regularly conducts business in Connecticut.

8. Venue in this Court is proper, because the transaction alleged herein occurred in this state.

9. Prior to March 5, 2014, Plaintiff saw a television advertisement by Barberino boasting that it would be able to secure financing for consumers with poor credit and without a down payment.

10. Based on this advertisement, Plaintiff, who is intellectually disabled and is supported by the Connecticut Department of Developmental Services, believed that he could be approved for vehicle financing.

11. After viewing the advertisement, Plaintiff visited Barberino's website and completed a financial statement in which he accurately disclosed that his income was $741 per month.

12. Shortly after submitting the financial statement, Plaintiff was contacted by two Barberino representatives, "Hugo" and "Mike Smith."

13. Plaintiff explained that he had no money for a down payment and that he had no means of transportation to get to Barberino.

14. The representatives responded that they would send someone from Barberino to come pick him up.

15. On March 5, 2014, a Barberino representative picked Plaintiff up at his home and drove him to Barberino.

16. Although Plaintiff expected to be shown a low priced, used vehicle, Plaintiff was shown a new 2014 Nissan Versa.

17. At the time Barberino showed this vehicle to Plaintiff, it had removed the Vehicle's Monroney sticker, in violation of 15 U.S.C. § 1233(c).

18. Because of the removal of the Monroney sticker, Plaintiff had no idea what the manufacturer's suggested retail price ("MSRP") was for a 2014 Nissan Versa.

19. Eventually, Barberino presented Plaintiff with a lease contract ("the Lease") for a different 2014 Nissan Versa ("the Vehicle"), which Plaintiff had not even seen.

20. The Lease utilized a cash price of $22,695.

21. Unbeknownst to Plaintiff, Barberino had advertised the Vehicle for sale on its website at a price of $16,878.

22. The Lease specified that the monthly payments would be $359.88, which represents about half of Plaintiff's monthly income.

23. Additionally, the Lease recited a initial cash payment of $1,427, even though Plaintiff did not pay any cash to Barberino and was not requested to pay cash.

24. Eventually, after significant pressure from the Barberino sales representatives, and because he was unable to fully understand the nature of the transaction, and because he feared he would not otherwise be able to return home, Plaintiff signed the Lease.

25. Through its failure to accurately disclose the amount payable at the inception of the Lease, Barberino violated CLA.

26. Upon information and belief, Barberino made knowing and intentional misrepresentations about Plaintiff's income and the value of the Vehicle in order to induce NMAC to accept assignment of the Lease.

27. Additionally, the television advertisements contained false and deceptive statements regarding Barberino's credit approval policies.

28. Plaintiff suffered damages as a result of the misrepresentations of Barberino, and it is liable to Plaintiff for fraud.

29. Additionally, through its above-described conduct, Barberino violated CUTPA in the following manners:

   a. Barberino engaged in unfair and deceptive acts or practices when it made willful and knowing misrepresentations about Plaintiffs' income and/or the value of the Vehicle to NMAC.

   b. Barberino engaged in a *per se* violation of CUTPA through its violations of 15 U.S.C. § 1233(c), as provided by Conn. Agencies Regs. § 42-110b-28(23).

      c. Barberino engaged in a *per se* violation of CUTPA when it failed to lease the Vehicle to Plaintiff at the advertised price, as provided by Conn. Agencies Reg. § 42-110b-28(b)(1); and

      d. Barberino made false and deceptive statements in its advertisements, which advertisements Plaintiff believed.

30. Through its above-described actions, Barberino also violated CUTPA.

31. As a result of Barberino's conduct, Plaintiff suffered an ascertainable loss, including, but not limited to, the lease of a Vehicle that he could not afford, as well as credit damage relating to a cash advance on a credit card that he took out in order to pay the first monthly installment payment, which he now cannot afford to repay.

32. On June 3, 2014, Plaintiff, through his attorney, provided Barberino and NMAC with written notice of his claims and stated that he was rescinding the contract due to the unfair, deceptive and fraudulent conduct of Barberino.

33. That notice also advised that Barberino or NMAC could pick up the Vehicle from Plaintiff's residence, restoring them as nearly as possible to their pre-contractual positions.

34. Plaintiff is entitled to rescission of the Lease and a return of all amounts paid thereunder.

35. Additionally, NMAC is liable to Plaintiff for his claims against Barberino as the holder of the Lease pursuant to Conn. Gen. Stat. § 42-411.

WHEREFORE, Plaintiff claims actual damages, statutory damages of $2,000 and attorney's fees and costs pursuant to 15 U.S.C. § 1640(a); damages and statutory punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order from the Court ordering Barberino to cease and desist from engaging in unfair and deceptive trade practices, and such other further relief to which Plaintiff is, at law, or in equity and by statute, entitled to against Barberino or NMAC.

PLAINTIFF, JAMES KEARNEY DONOVAN

By: /s/ Daniel S. Blinn
    Daniel S. Blinn, ct02188
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel.  (860) 571-0408
    Fax. (860) 571-7457